# IN THE COURT OF APPEALS OF IOWA

No. 14-2068
Filed August 5, 2015

**IN THE INTEREST OF K.P.,**
**Minor Child,**

**C.W., Father,**
Appellant.

_____

Appeal from the Iowa Juvenile Court for Warren County, Kevin Parker, Juvenile Associate Judge.


A father appeals the order terminating his parental rights under Iowa Code chapter 600A. **REVERSED.**


Patrick W. O'Bryan of O'Bryan Law Firm, Des Moines, for appellant.

Tara M. Elcock of Elcock Law Firm, P.L.C., Indianola, for appellee.

Cami N. Eslick, Indianola, attorney and guardian ad litem for minor child.


Considered by Tabor, P.J., McDonald, J., and Sackett, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**TABOR, P.J.**

A father appeals the juvenile court's grant of the mother's petition to terminate his parental rights to their two-year-old daughter, K.P. The father contends the mother's "categorical refusal" to allow him contact with K.P. precludes a finding of abandonment under Iowa Code section 600A.8(3)(b) (2013). Because the record supports the father's contention that the mother prevented him from exercising visitation or otherwise communicating with the child, we reverse the order terminating his parental rights.

## I. Background Facts and Proceedings

The mother, Nicole, and the father, Chad, ended their romantic relationship shortly before Nicole learned she was pregnant in July 2011. K.P. was born in March 2012. About one week after K.P.'s birth, Nicole allowed Chad to see their daughter for the first time. Chad has had a total of only four visits with K.P., all occurring during the first four months of her life. Because Chad did not have a driver's license, all visits were arranged by Nicole who provided transportation. At that time Chad lived two hours away from Nicole and Nicole was working two jobs. No custody or visitation arrangement was in place.

Five months after K.P. was born, in August 2012, Chad moved out of state to live with his now fiancée and her two children in Virginia. Chad had difficulty finding work there and stayed at home with the children. Chad has not provided financial support for K.P. since her birth.

Four months after he moved to Virginia, Chad twice contacted Nicole asking to set up a visit with K.P. during his trip back to see his family in Iowa for

the 2012 Christmas holiday. Nicole did not respond to his requests. Chad also contacted Nicole by text message and telephone calls to inquire about K.P. in February, March, May, June, July, and November of 2013. Nicole did not respond to these requests, explaining later that she did not want Chad just coming in and out of K.P's life.

In April 2014, Chad filed a petition to establish paternity, child support, legal custody, and visitation. In July 2014, before the court had a chance to consider Chad's petition, Nicole filed this action to terminate Chad's parental rights under Iowa Code chapter 600A. Following a hearing, the juvenile court terminated Chad's parental rights under section 600A.8(3)(b). Chad now appeals.

## II.    Standard of Review and Statutory Burden

We conduct a de novo review of termination proceedings under chapter 600A. *In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010). We defer to the factual findings of the juvenile court, especially findings related to witness credibility, but we are not bound by them. *In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012). When interpreting chapter 600A, the best interest of the child involved is "the paramount consideration." Iowa Code § 600A.1. But we must give due consideration to the parents' interests. *Id.*

Under section 600.8(3)(b), the parent petitioning for termination has the burden to show the other parent abandoned the child. *G.A.*, 826 N.W.2d at 129. The juvenile court's termination findings must be based on clear and convincing proof. Iowa Code § 600A.8.

### III.    Abandonment Analysis

The juvenile court found Chad abandoned K.P. under section 600A.8(3). Chad contests that finding on appeal.

To "abandon a minor child" means:

> [A] parent [or] putative father . . . rejects the duties imposed by the parent-child relationship . . . , which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child.

Iowa Code § 600A.2(19).

A parent is deemed to have abandoned a child who is six months of age or older

> unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
>
>    (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
>
>    (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
>
>    (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

*Id.* § 600A.8(3)(b).  A parent's subject intent, "whether expressed or otherwise, unsupported by evidence of acts specified in paragraph 'a' or 'b' manifesting such intent, does not preclude a determination that the parent has abandoned the child." *Id.* § 600A.8(3)(c).

Under section 600A.8(3)(b), one element of "substantial and continuous or repeated contact" is economic contributions. Chad has not provided child support for K.P. He has sent birthday and Christmas gifts for his daughter. The evidence indicated Chad has had a long period of unemployment and did not have resources to provide regular financial support. But Nicole acknowledged at the hearing that twice Chad offered to give her money for the benefit of their daughter. Nicole suspected the money was from Chad's family members and she turned it down, telling him: "I don't want your money." On appeal, she asserts Chad "has not and is quite frankly unable to fulfill the financial obligations" of being a parent. Chad filed a petition to establish paternity and his child support obligation, but that action was cut off by Nicole's termination petition.

On this record, we do not find clear and convincing evidence that Chad has failed to provide financial support within his means. We recognize that section 600A.8(3)(b) is not limited to court-ordered support payments; those types of payments are the subject of a separate provision. *See In re W.W.*, 826 N.W.2d 706, 710 (Iowa Ct. App. 2012) (flagging Iowa Code section 600A.8(4) ("A parent has been ordered to contribute to the support of the child or financially aid in the child's birth and has failed to do so without good cause.")). But in this case, Chad was the party pursuing a court order that would have established a child support obligation. Nicole did not offer clear proof that Chad had financial resources and refused to provide for K.P. In fact, Nicole admitted she declined the offers of monetary support he did make.

A second element of section 600A.8(3)(b) involves visitation or communication between parent and child. Chad does not dispute his lack of contact with K.P. Instead he argues Nicole has prevented him from exercising visitation or other communication. He asserts on appeal that Nicole's "categorical refusal to allow him any contact with K.P. precludes a determination he abandoned" the child.

In response, Nicole contends "Chad abandoned K.P. when he moved to Virginia and made sporadic attempts (two to three of record) to see K.P. in over two years' time." But Nicole also acknowledges in her appellee's brief that after his move she chose "to stop taking Chad's calls" because it would be "unhealthy for K.P. to have a sporadic, inconsistent dad coming in and out of her life." Nicole also admitted in her trial testimony that she prevented Chad from seeing K.P.

A parent cannot prove abandonment when his or her own actions prevented the other parent from contacting the child. Iowa Code § 600A.8(3)(b)(1) ("Visit[s] the child at least monthly . . . when not prevented from doing so by the person having lawful custody of the child."); *see In re P.N.B.*, No. 06-1127, 2007 WL 601509, at *5 (Iowa Ct. App. 2007) (holding abandonment not proven when any attempts by the mother to contact the child would have been thwarted by the father).

Nicole acknowledged Chad sent text messages and placed phone calls asking to set up a visit with K.P. when he was back in Iowa to see his extended family or to have other communication with the child. Nicole ignored those

messages. Nicole also refused to provide her mailing address to Chad. We are not persuaded by Nicole's argument that Chad's requests to have interactions with K.P. were too sporadic to qualify as "substantial and continuous or repeated contact." Given Nicole's blanket moratorium on contact between K.P. and Chad, Chad could have requested contact on a daily basis and Nicole would have not honored those requests.

After our de novo review of the record, we conclude Nicole has not met her burden to prove by clear and convincing evidence that Chad has abandoned K.P. as defined under section 600A.8(3)(b). Nicole prevented any contact between K.P. and Chad after he moved to Virginia. Having taken unilateral action to shut Chad out of K.P.'s life, Nicole cannot show that it was Chad who rejected the duties imposed by the parent-child relationship.

Finally, Nicole requests appellate attorney fees under section 600A.6B. Because we reverse the finding of the juvenile court, we deny her fee request.

**REVERSED.**